IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM BESS II                              :
341 East Sharpnack Street                    :
Philadelphia, PA 19119                       :
                                             :
        vs.                                  :
                                             :
TEMPLE UNIVERSITY-OF THE COMMONWEALTH        :
SYSTEM OF HIGHER EDUCATION                   :   Civil Action
1801 North Broad Street                      :
Philadelphia, PA 19122-6003                  :
        and                                  :
TEMPLE UNIVERSITY POLICE OFFICER             :
JOHN DOE 1                                   :
Individually and as a police officer         :   JURY TRIAL DEMANDED
for Temple University Police Department      :
c/o Temple University Department of          :
Campus Safety Services                       :
1101 West Montgomery Avenue                  :
Philadelphia, PA 19122                       :
        and                                  :
TEMPLE UNIVERSITY POLICE OFFICER             :
JANE DOE 1                                    :
Individually and as a police officer         :
for Temple University Police Department      :
c/o Temple University Department of          :
Campus Safety Services                       :
1101 West Montgomery Avenue                  :
Philadelphia, PA 19122                       :
        and                                  :
TEMPLE UNIVERSITY POLICE OFFICER             :
JOHN DOE 3-6                                  :
Individually and as a police officer         :
for Temple University Police Department      :
c/o Temple University Department of          :
Campus Safety Services                       :
1101 West Montgomery Avenue                  :
Philadelphia, PA 19122                       :
        and                                  :
LIEUTENANT CHARLES JAMES                     :
Individually and as a police officer         :
for Temple University Police Department      :
c/o Temple University Department of          :
Campus Safety Services                       :
1101 West Montgomery Avenue                  :
Philadelphia, PA 19122                       :
        and                                  :

```
TEMPLE UNIVERSITY POLICE OFFICER      :
JOHN DOE                              :
BADGE NUMBER 4479                     :
Individually and as a police officer :
for Temple University Police Department :
c/o Temple University Department of   :
Campus Safety Services                :
1101 West Montgomery Avenue           :
Philadelphia, PA 19122                :
```

**COMPLAINT**

**Jurisdiction**

1.    This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2.    Plaintiff, William Bess II, is an adult individual residing in the City of Philadelphia, Commonwealth of Pennsylvania, at the address aforementioned.

3. Defendant, Temple University-Of The Commonwealth System of Higher Education, is a state-related research university, an institution of higher education and a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1801 North Broad Street, Philadelphia, Pennsylvania 19122.  At all times relevant hereto, Temple University-Of The Commonwealth System of Higher Education

2

operated, managed, directed and controlled the Temple University Police Department and employed Defendant Temple University Police Officer John Doe 1, Police Officer Jane Doe 1, and Police Officers John Doe 3-6.

4. Defendant, Temple University-Of The Commonwealth System of Higher Education, (hereinafter referred to as Temple University) is a non-profit corporation and at all times relevant hereto operated, managed, directed and controlled the Temple University Police Department which employed Defendant Temple University Police Officer John Doe 1, Defendant Temple University Police Officer Jane Doe 1, Defendant Temple University Police Officers John Doe 3-6, Defendant Temple University Police Officer Lieutenant Charles James and Defendant Temple University Police Officer John Doe, Badge Number 4479.

5. Defendant, Police Officer John Doe 1, is a police officer certified pursuant to the Pennsylvania Municipal Police Officers' Education and Training Commission and at all times relevant hereto was acting under the management, direction, control of Defendant Temple University and was acting under color of state law.  He is being sued in his individual capacity.

6. Defendant, Police Officer Jane Doe 1, is a police officer certified pursuant to the Pennsylvania Municipal Police Officers' Education and Training Commission and at all times relevant hereto was acting under the management, direction, control of Defendant

Temple University and was acting under color of state law. She is being sued in her individual capacity.

7. Defendant, Police Officers John Doe 3-6, are police officers certified pursuant to the Pennsylvania Municipal Police Officers' Education and Training Commission and at all times relevant hereto was acting under the management, direction, control of Defendant Temple University and was acting under color of state law. They are being sued in their individual capacities.

8. Defendant, Lieutenant Charles James, is a police officer certified pursuant to the Pennsylvania Municipal Police Officers' Education and Training Commission and at all times relevant hereto was acting under the management, direction, control of Defendant Temple University and was acting under color of state law. He is being sued in his individual capacity.

9. Defendant, Police Officer John Doe, Badge Number 4479, is a police officer certified pursuant to the Pennsylvania Municipal Police Officers' Education and Training Commission and at all times relevant hereto was acting under the management, direction, control of Defendant Temple University and was acting under color of state law. He is being sued in his individual capacity.

10. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, William Bess II, of his constitutional and statutory rights as hereinafter described.

4

**Factual Allegations**

11.  At all times relevant hereto, Plaintiff, William Bess II, was an honor student at the Engineering and Science High School of Philadelphia.

12.  On Wednesday, May 3, 2017 in the late afternoon hours, Plaintiff was attending a special engineering program known as ACE. The special engineering program ended at 6:00 p.m.

13.  At the conclusion of the program Plaintiff's parents drove him back to his car which had been parked at the Engineering and Science High School at 17th and Norris Streets, Philadelphia, Pennsylvania.

14.  Plaintiff then got into his vehicle and began the short drive to his home. As Plaintiff as driving down 18th Street shortly before the intersection with Diamond Street, a motor vehicle owned by Defendant, Temple University, and being operated by Defendant, Officer John Doe 1, and/or Defendant, Officer John Doe, Badge Number 4479,  positioned himself directly behind Plaintiff's vehicle and put its overhead dome lights on.

15.  Plaintiff immediately pulled his car over to the right side of the road obeying all applicable laws and motor vehicle code statutes. As Plaintiff sat in his vehicle, he was approached by Defendant, Officer John Doe 1, and/or Defendant, Officer John Doe, Badge Number 4479.  Defendant, Officer John Doe 1, and/or Defendant, Officer John Doe, Badge Number 4479, with his service

5

weapon drawn and pointed directly at Plaintiff's head ordered Plaintiff to show his hands.  Plaintiff immediately complied with that command.

16.  Defendant, Officer John Doe 1, and/or Defendant, Officer John Doe, Badge Number 4479, then ordered Plaintiff to get out of his car.  Plaintiff immediately complied.

17.  Defendant then ordered Plaintiff to place his hands behind his back and get on his knees.  Plaintiff complied.  Defendant, Officer Jane Doe 1, than also approached Plaintiff with her gun drawn and pointed directly at his head.

18.  Plaintiff was handcuffed and placed in the back of a police car.

19.  Plaintiff's vehicle then, without probable cause and reasonable suspicion or any legal basis, was illegally searched by Defendant, Lieutenant Charles James, and/or Defendant, Officers John Does 3-6.  No contraband was found in Plaintiff's car.

20.  Plaintiff was detained against his will in handcuffs for approximately 20 minutes.  At the conclusion of that 20 minutes Officer John Doe 1 approached the Plaintiff and apologized and uncuffed the Plaintiff and advised him he was free to leave.

21.  At no time relevant hereto, did the Plaintiff engage in any behavior which would have given any of the Defendant officers reasonable suspicion much less probable cause that Plaintiff had committed or was in the process of committing any crime.

22.   At no time relevant hereto, did the Plaintiff engage in any behavior which any of the Defendant officers could have considered a threat to themselves or to anyone else.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

23.   Plaintiff, William Bess II, incorporates by reference paragraphs 1 through 22 of the instant Complaint.

24.   As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff, William Bess II, was deprived of his right to be free from an illegal search of his motor vehicle, false imprisonment, to be secure in his person and property and to due process of law.  As a result, Plaintiff, William Bess II, suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

25.   Upon information and belief, Temple University has the largest university police department in the United States with roughly 130 sworn officers, supervisors and detectives spanning an area a little more than a half square mile.

26.   Temple University administrators keep virtually all department records secret, citing its status as a privately run institution.

27.   In 2016 two Temple police officers were arrested for handcuffing and fatally torturing one of the officer's girlfriend.

One of the officers had been asked to resign years before that incident but remained on the Temple University police force.

28.   Despite the fact that those two police officers were convicted of homicide to this date Temple refuses to disclose any information concerning who investigated prior incidents of misconduct and refuses to release any complaint or disciplinary records for any campus police officer.

29.   After the incident involving the Plaintiff herein, Plaintiff's mother filed a written Citizen's Complaint to the Temple University Department of Campus Safety Services.

30.   Despite filing that complaint, upon information and belief, there was no investigation undertaken into the facts surrounding the incident complained of herein involving Plaintiff, William Bess II.

31.   Despite the fact that the Temple University Department of Campus Safety Services promises that "during the course of an investigation, the assigned investigator shall notify you concerning the status of the complaint" and "you will also be notified of the final outcome of the investigation," Plaintiff has never received any information concerning any investigation into the activities described herein.

32.   As a direct and proximate result of the acts of all Defendants, Plaintiff, William Bess II, sustained physical injuries, emotional harm, loss of liberty and financial losses, all

to his detriment and harm.

33.  Defendant, Temple University, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.  The use of false imprisonment by police officers;

b.  Failure to properly train police officers on making searches;

c.  The proper exercise of police powers, including but not limited to illegal searches, false imprisonment, assault, battery, and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

d.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f.  Police officers' use of their status as police officers to employ the use of illegal searches, false

9

arrest or to achieve ends not reasonably related to their police duties; and

g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of false imprisonment, illegal searches and arrest powers under such circumstances as presented herein.

h. There are excessive and chronic delays in resolving disciplinary complaints;

i. At times, such as in this case, there is a failure to investigate at all;

j. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

k. There is a failure to effective discipline substantial numbers of officers who were found to have engaged in misconduct;

l. The internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

m. The discipline, as practiced, is incident based rather than progressive. Thus repeat violators are not being penalized in proportion to the number of violations;

n. The conduct of IAD investigations demonstrates that internal affairs personnel are not adequately trained

10

and supervised in the proper conduct of such investigations;

o. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

p. The Temple University Police Department lacks an effective early warning system to identify, track and monitor "problem" officers;

q. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct.  Moreover, the interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

r. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

34. The Defendant, Temple University, failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Temple University police officers, thereby causing and encouraging Temple University police, including the Defendant

11

officers in this case, to violate the rights of citizens such as Plaintiff, William Bess II.

35. Defendants have by the above described actions deprived Plaintiff, William Bess II, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

36. Plaintiff, William Bess II, incorporates by reference paragraphs 1 through 35 of the instant Complaint.

37. The acts and conduct of the individual Defendants in this cause of action constitute assault, battery, false imprisonment and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate this claims.

WHEREFORE, Plaintiff, William Bess II, requests the following relief:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Reasonable attorney's fees and costs;

    d.  Such other and further relief as appears reasonable and just; and

    e.  A jury trial as to each Defendant and as to each count.

12

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - telephone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff